UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney
General of the State of Michigan,

                         No.

       Plaintiff,

v.                             HON.

VOKEL CELLARS, INC.
d/b/a VOKEL CELLARS

         Defendant.
_____

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND MICHIGAN CONSUMER PROTECTION ACT

Attorneys for Plaintiff

DANA NESSEL
Attorney General

Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement
Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
Asevedor@michigan.gov

Dated:  October 4, 2021

## I.    <u>PRELIMINARY STATEMENT</u>

1.    Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Vokel Cellars, Inc., and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2.    Vokel Cellars, Inc., has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3.    These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4.    The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5.    In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted

to stop Vokel Cellars, Inc., from making illegal sales and shipments by issuing a cease and desist letter.  See Exhibit 1.

6.     Vokel Cellars, Inc., failed to comply with the cease and desist request.

7.     Vokel Cellars, Inc., continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8.     The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof."  U.S. Const. Amend. XXI, § 2.

9.     This lawsuit is required to restrain Vokel Cellars, Inc., from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens.  *See* 27 U.S.C. § 122a(b)(1)-(2).

II.     **PARTIES**

10.     Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11.     Defendant, Vokel Cellars, Inc., is a California corporation located at 2064 Gravenstein Hwy. N., Bldg. 1, Ste. 133, Sebastapol, CA 95472.

III.    **JURISDICTION**

12.     The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor."  27 U.S.C. § 122a(b).

13.     "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind."  27 U.S.C. § 122a(2).

14.    This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15.    Vokel Cellars, Inc., is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16.    Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## IV.    <u>VENUE</u>

17.    The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18.    Vokel Cellars, Inc., has made an illegal sale and shipment of intoxicating liquor to an MLCC investigator who resides in Bay City, Michigan.

19.    Bay City, Michigan, is located in the Eastern District of Michigan federal judicial district.

20.    Venue in the Eastern District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V.    **BACKGROUND**

21.     Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

22.    For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Vokel Cellars, Inc., is violating Michigan laws governing the transportation and importation of intoxicating liquor.

23.    Vokel Cellars, Inc., continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper license in the

State of Michigan.  Defendant's activities constitute illegal importation of intoxicating liquors.

24.     Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission."  Mich. Comp. Laws § 436.1203(1).

25.     "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

26.     Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan.  *See*

Mich. Comp. Laws § 436.1203(4).  "Direct shipper" is defined in the

Michigan Liquor Control Code as either of the following:

(i)     A wine manufacturer that sells, delivers, or imports wine
it has manufactured, bottled, and registered with the
[C]omission, to consumers in this state or that is
transacted . . . through the use of any mail order, internet,
telephone, computer, device, or other electronic means, or
sells directly to consumers on the winery premises.

(ii)    A wine manufacturer that purchases wine from another
wine manufacturer and further manufactures or bottles
the wine or purchases shiners of wine from another wine
manufacturer in compliance with section 204a, registers
the wine with the [C]omission and sells the wine to
consumers in this state that is transacted . . . through the
use of any mail order, internet, telephone, computer,
device, or other electronic means, or sells directly to
consumers on the winery premises.

27.    Only a licensed Michigan wine maker or an out-of-state wine

manufacturer holding both a federal basic permit and a license to

manufacture wine in its state of domicile may qualify for a direct

shipper license.  Mich. Comp. Laws § 436.1203(10).

28.    Wine satisfies the definitions of "intoxicating liquor" in the

Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the

Michigan Liquor Control Code.

## VI.  **FACTS**

29.    Vokel Cellars, Inc., has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

### **2018-2019 Shipments**

30.    In December 2019, an MLCC investigator reviewed a common carrier report that was submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203 concerning shipments of intoxicating liquor into Michigan in 2018 and 2019.  The report showed that four shipments were sent to Michigan addresses by Vokel Cellars, Inc., from June 2018 through May 2019.

### **Cease and Desist Letter**

31.    Based on the MLCC investigator's findings, the Michigan Department of Attorney General sent a cease and desist letter to Defendant's mailing address on or about January 9, 2020.  Exhibit 1.

32.    Additional copies of the cease and desist letter were sent to the address for the registered agent for Vokel Cellars, Inc., as well as the second address licensed by the California Department of Alcoholic Beverage Control for Vokel Cellars, Inc.  Exhibit 2.

33.    The letters were sent via certified mail to each address, return receipt requested.  Return receipts were received for the letter sent to the registered agent's address in Forestville, California, and the second licensed address in Healdsburg, California.

34.    The cease and desist letter also included an excerpt from a common carrier report covering June 2018 through May 2019 that reflected four shipments of alcoholic liquor into Michigan by Vokel Cellars, Inc.  Exhibit 3.

35.    The cease and desist letter informed Vokel Cellars, Inc., that its practice of directly shipping wine to consumers in the State of Michigan without possessing a direct shipper license is illegal. Furthermore, the cease and desist letter stated that legal action would result if Vokel Cellars, Inc., continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan without the proper license.  See Exhibit 1.

## **Subsequent Shipments**

36.    To investigate whether Vokel Cellars, Inc., had discontinued its illegal shipments following the January 9, 2020 cease and desist letter, an MLCC investigator placed on order on Defendant's website,

www.Vokelcellars.com, on December 3, 2020, for the purchase and

shipment of one 750 ml bottle of 2016 Vokel California Rose wine.  The

MLCC investigator purchased the bottle of wine for $35.00 and paid

$22.33 for shipping.  Exhibit 4 (Order Confirmation).

37.    On or about December 19, 2020, the MLCC investigator

received a package addressed to the MLCC investigator containing a

750 ml bottle of 2016 Vokel California Rose at Bay City, MI 48706.

Exhibits 5 (packing slip) and 6 (photographs of wine bottle).


## COUNT I

## CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

38.    Plaintiff incorporates by reference paragraphs 1-37 as if fully

restated herein.

39.    Subsection (b) of the Twenty-first Amendment Enforcement

Act, 27 U.S.C. § 122a(b), provides for temporary and permanent

injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a
> person is engaged in, or has engaged in, any act that would
> constitute a violation of a State law regulating the
> importation or transportation of any intoxicating liquor, the
> attorney general may bring a civil action in accordance with

this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--

(1) restrain the person from engaging, or continuing to engage, in the violation; and

(2) enforce compliance with the State law.

40.    Because Vokel Cellars, Inc., lacked a direct shipper license, its sale of wine and its shipment of wine to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

41.    Because Vokel Cellars, Inc., does not fit within one of the categories of persons permitted to sell, deliver, or import wine or beer in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

42.    Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

43.    Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor.

That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

44.    Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

45.    All nonjudicial means of restraining Vokel Cellars, Inc., from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

46.    Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Vokel Cellars, Inc., from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

47.    Plaintiff incorporates by reference paragraphs 1-46 as if fully restated herein.

48.     Vokel Cellars, Inc., has engaged in illegal alcohol sales and shipments to a Michigan consumer.

49.     These practices by Vokel Cellars, Inc., constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Vokel Cellars, Inc., has:

(a)  Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.

* * *

(c)  Represent[ed] that goods . . . have approval . . . that they do not have . . . .

* * *

(n)  Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.

* * *

(s)  Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.

* * *

14

(bb)  Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

\* \* \*

(cc)  Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

50.    Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

51.    Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## REQUESTED RELIEF

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a)    Preliminary and permanent injunctive relief under the

Twenty-first Amendment Enforcement Act enjoining

Defendant from continuing to violate the applicable

provisions of the Michigan Liquor Control Code;

b)      Preliminary and permanent injunctive relief under the

Michigan Consumer Protection Act enjoining Defendant

from continuing to violate the applicable provisions of that

Act, Mich. Comp. Laws § 445.905(1);

c)      The imposition of cumulative civil penalties against

Defendant pursuant to section 5(1) of the Michigan

Consumer Protection Act, specifically $25,000.00 for each

violation of the Act, including violations learned of through

the course of discovery, Mich. Comp. Laws § 445.905(1);

d)      Reimbursement of investigative expenses incurred,

Mich. Comp. Laws § 445.905(1);

e)      An award of costs and attorney fees, Mich. Comp. Laws

§ 445.905(1);

f)      Any other relief determined to be just and appropriate.

Respectfully submitted,

DANA NESSEL
Attorney General


/s/ Rosendo Asevedo, Jr.
Rosendo Asevedo, Jr. (P28369)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement
Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
asevedor@michigan.gov

Dated:  October 4, 2021