UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANA NESSEL, *Attorney General for the State of Michigan*,<br><br>       Plaintiff,<br><br>v.<br><br>VOKEL CELLARS, INC. d/b/a Vokel Cellars,<br><br>       Defendant. | Case No. 21-12335<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [8]**

Dana Nessel, Attorney General of the State of Michigan, filed a complaint in this action against Vokel Cellars, Inc., under the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, for permanent injunctive relief. Nessel asks the Court to restrain Vokel Cellars' continuing violations of provisions of the Michigan Liquor Control Code, Mich. Comp. Laws §§ 436.1101, et seq., regulating the importation or transportation of intoxicating liquor and the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901, et seq. The complaint also requests civil fines for violations of the Michigan CPA.

Despite Nessel's efforts to notify Vokel Cellars of this lawsuit, Vokel Cellars has not defended this case. Nessel served Vokel Cellars' registered agent (ECF No. 4), but Vokel Cellars did not answer or otherwise respond to the complaint. Nessel then sought and obtained a Clerk's entry of default (ECF No. 6). Thereafter, Nessel

filed a Motion to Enter Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (ECF No. 6) and served it on Vokel Cellars' registered agent (ECF No. 9). Vokel Cellars did not respond to that motion or contest the Clerk's entry of default.

For the reasons that follow, the Court finds that it may exercise personal jurisdiction over the claims in the complaint and that Nessel has adequately pled that Vokel Cellars violated the law. But the Court does not agree with Nessel that a $25,000 fine is appropriate. So the Court will grant in part Nessel's request for a default judgment.

## I. Jurisdiction

Although Vokel Cellars has defaulted, the Court can only enter a judgment against the company if it has jurisdiction over the complaint. Mary Kay Kane, 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.).

Subject-matter jurisdiction is evident: Nessel brings a claim under the federal Enforcement Act and the Court can exercise supplemental jurisdiction over the Michigan CPA claim. *See* 28 U.S.C. §§ 1331, 1367. It also appears that the parties' citizenship is diverse. *See* 28 U.S.C. § 1332.

As for personal jurisdiction, requiring Vokel Cellars to defend in this Court must comport with Michigan's long-arm statute and the Due Process Clause. *See* Mich. Comp. Laws § 600.715; *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021).

Under Michigan's long-arm statute, transacting any business within Michigan is a sufficient basis for personal jurisdiction to render judgments arising out of the

business conducted. See Mich. Comp. Laws § 600.705(1). This requirement is satisfied by "the slightest act of business in Michigan." *Lanier v. American Bd. of Endodontics*, 843 F. 2d 901, 905 (6th Cir. 1988). Likewise, contracting for services to be rendered or materials to be furnished in the state subjects the defendant to Michigan courts' jurisdiction. Mich. Comp. Laws § 600.705(5).

To exercise jurisdiction consistent with the Due Process Clause, the defendant must have taken "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within the forum State" and the plaintiff's claims must "arise out of or relate to the defendant's contacts" with the state. *Ford Motor Co.*, 141 S. Ct. at 1024–25 (internal quotations omitted). "When the first two prongs of specific jurisdiction are met, there is an inference of reasonableness." *Speedeon Data, LLC v. Integrated Direct Mktg., LLC*, 718 F. App'x 333, 336 (6th Cir. 2017) (internal quotation marks omitted).

Here, Nessel alleges, and the Court accepts as true that "Vokel Cellars sent four shipments . . . to Michigan addresses . . . from June 2018 through May 2019" and that in December 2020, an investigator for the Michigan Liquor Control Commission placed an order on Vokelcellars.com and received a "750 ml bottle of 2016 Vokel California Rose" "addressed to the . . . investigator . . . at Bay City, MI." (ECF No. 1, PageID.9–11.) Vokel Cellars' actions thus satisfy Michigan's long-arm statute, Mich. Comp. Laws § 600.705(1), (5), and show that it has purposefully availed itself of the privilege of conducting business in Michigan. Further, Plaintiff's claims arise from or relate to Vokel Cellars' contacts with Michigan. *See Ford Motor Co.*, 141 S. Ct. at

3

1024–25. Thus, an inference of reasonableness exists here, which has not been rebutted. *Speedeon Data*, 718 F. App'x at 336 ("Since IDM has not made any arguments to overcome or contradict that inference, the exercise of jurisdiction is reasonable under the circumstances of this case." (internal quotation marks omitted)).

In addition to the inference, Michigan's and the Michigan Attorney General's interests in obtaining relief support finding reasonableness here. Vokel Cellars' actions are related to Michigan, given that the federal Enforcement Act permits a state's attorney general to enforce compliance with his or her state's laws regulating the importation or transportation of intoxicating liquor. *See* 27 U.S.C. § 122a; *see also Granholm v. Heald*, 544 U.S. 460, 492 (2005) (stating that the Act "gives state attorneys general the power to sue wineries in federal court to enjoin violations of state law"). Further, the Michigan CPA, which is the basis of Count II, seeks to protect Michigan consumers from "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," *see* Mich. Comp. Laws § 445.903(1).

In short, the Court finds that on the materials now before the Court, and absent anything from Vokel Cellars, it may exercise personal jurisdiction over the claims in the complaint.

## II. Plausible Claims

Although Vokel Cellar's default means that the Court accepts the factual allegations in the complaint are true, the Court must still assess whether those

4

factual allegations state a legal claim. *See* Mary Kay Kane, 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.) ("Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.").

According to the complaint, a Michigan Liquor Control Commission investigator discovered that Vokel Cellars had made four shipments of liquor into Michigan from June 2018 through May 2019. (ECF. No. 1, PageID.9.) Vokel Cellars made these shipments despite not "receiv[ing] a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code." (ECF. No. 1, PageID.9.) The Department of Attorney General then sent Vokel Cellars a cease-and-desist letter. (ECF No. 1, PageID.9–10.) Despite this letter, Vokel Cellars made a subsequent sale of intoxicating liquor to an MLCC Investigator via its website on December 3, 2020. (ECF No. 1, PageID.10–11.)

The Twenty-first Amendment Enforcement Act prohibits shipping intoxicating liquor from one state to another when the "intoxicating liquor is intended, by any person interested therein, to be received . . . or in any manner used . . . in violation of any law of such State." 27 U.S.C. § 122. Here, Vokel Cellars lacked a direct-shipper license, so the sales to Michigan consumers violated a state law, namely, Mich. Comp. Laws § 436.1203(1). That in turn, was a violation of the Enforcement Act. The Enforcement Act also states that if a state attorney general has reasonable cause to believe that someone has violated the state's laws regulating importation or transportation of intoxicating liquor, the attorney general may obtain injunctive

5

relief to restrain further violations and enforce compliance with the state's laws. 27 U.S.C. § 122a(b). Thus, Nessel has stated a claim for injunctive relief under the Enforcement Act.

As for the Michigan CPA, section 3 prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," which includes "[r]epresenting that goods . . . have approval . . . that they do not have." Mich. Comp. Laws § 445.903(1). Further, the Michigan CPA permits the Attorney General to bring an action to restrain a defendant from committing an act that is unlawful under section 3, if the Attorney General has "probable cause to believe that a person has engaged, is engaging, or is about to engage" in such an act and provides the required statutory notice. Mich. Comp. Laws § 445.905(1), (3). Here, Nessel sent Vokel Cellars a cease-and-desist letter. (ECF No. 1, PageID.9.) The Michigan CPA also allows the court to assess the defendant a fine of up to $25,000.00 for "persistent and knowing" violation of section 3. Mich. Comp. Laws § 445.905(1). So the complaint sufficiently alleges a claim under the Michigan CPA upon which both injunctive relief and fines may be granted.

## III. Amount of Damages

Although Vokel Cellars has defaulted, it remains Nessel's burden to prove the amount of damages. *See Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (explaining that "allegations in the complaint with respect to the amount of the damages are not deemed true" as a result of a default).

6

Nessel asks the Court to impose penalties of $25,000.00 for violating the Michigan CPA. (ECF No. 1 PageID.16.) The Michigan CPA states, "Except as otherwise provided in this section, for persistent and knowing violation of section 3 the court may assess the defendant a civil fine of not more than $25,000.00." Mich. Comp. Laws § 445.095(1).

The Court concludes that a fine of $12,500.00 is appropriate. Here, Vokel Cellars made four shipments of wine to Michigan residents in 2018 and 2019. Participants in a heavily regulated industry such as alcohol production and sales know that their activities are subject to varying state requirements. The Twenty-first Amendment to the United States Constitution recognizes these differences, as does federal statutory law. *See* 27 U.S.C. § 122. Further, by operating a website that permitted Michigan consumers to purchase alcohol for shipment, Vokel Cellars gave the false impression that the purchases and shipments were legal. But making sales and shipments without the required license is a felony under Michigan Compiled Laws § 436.1909(3). And even after the cease-and-desist letter notified Vokel Cellars of its activity's illegality, Vokel Cellars sold and shipped at least one more bottle of wine into Michigan. (ECF No. 1, PageID.10–11.)

\* \* \*

IT IS HEREBY ORDERED that Default Judgment is entered in favor of Plaintiff and against Defendant in the amount of $12,500.00 as a civil fine because of Defendant's violation of the Michigan Consumer Protection Act plus costs in the amount of $402.00, for a total award of $12,902.00.

IT IS FURTHER ORDERED that Vokel Cellars, Inc., is permanently enjoined from making illegal sales and/or shipments of alcoholic liquor to Michigan consumers, *see* Mich. Comp. Laws §§ 436.1203(1), 436.1204(1), and 436.1901(1), as a penalty under the Twenty-first Amendment Enforcement Act and the Michigan Consumer Protection Act, *see* Mich. Comp. Laws § 445.905(1). This injunction applies to all persons listed in Fed. R. Civ. P. 65(2).

SO ORDERED.

Dated: October 21, 2022

                                                       s/Laurie J. Michelson
                                                       LAURIE J. MICHELSON
                                                       UNITED STATES DISTRICT JUDGE